IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SEANNA LEE RUMBARGER,      )
                                        )
        Plaintiff,        )
                                          )
        vs.            )     Civil Action No. 2:20-1893
                                          )
KILOLO KIJAKAZI, Acting Commissioner   )
of Social Security[1],         )
                                          )
        Defendant.      )
                                          )

AMBROSE, Senior District Judge

**OPINION**
**and**
**ORDER OF COURT**

**SYNOPSIS**

        Pending before the Court are Cross-Motions for Summary Judgment. [ECF Nos. 16 and 20]. Both parties have filed Briefs in Support of their Motions. [ECF Nos. 17 and 21]. After careful consideration of the submissions of the parties, and based on my Opinion set forth below, Defendant's Motion [ECF No. 20] is granted and Plaintiff's Motion [ECF No. 16] is denied.

**I. BACKGROUND**

        Plaintiff has brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act (the "Act"). Plaintiff applied for SSI on or about October 31, 2017. [ECF No. 9-5 (Ex. 1D)]. In her application, she alleged that she was disabled

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is therefore automatically substituted for Andrew M. Saul as the Defendant in this suit.

due to brain deficiency due to Crohn's disease, depression/anxiety, tubulointerstitial nephritis, and acute arthritis, and that she had been unable to work since October 4, 2017. [Id.; ECF No. 9-6 (Ex. 2E)]. Administrative Law Judge ("ALJ") Kelli J. Kleeb held a hearing on June 21, 2019, at which Plaintiff was represented by counsel. [ECF No. 9-2, at 83-118]. Plaintiff appeared at the hearing and testified on her own behalf. Id. Her mother and a vocational expert also were present at the hearing and testified. Id. at 109-117. In a decision dated September 5, 2019, the ALJ found that jobs existed in significant numbers in the national economy that Plaintiff could perform and, therefore, that Plaintiff was not disabled under the Act. [ECF No. 9-2, at 42-51]. On September 29, 2020, the Appeals Council denied Plaintiff's request for review. Id. at 1-6. Having exhausted all of her administrative remedies, Plaintiff filed this action.

The parties have filed Cross-Motions for Summary Judgment. [ECF Nos. 16 and 20]. The issues are now ripe for my review.

## II.   LEGAL ANALYSIS

### A.   STANDARD OF REVIEW

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. Allen v. Bowen, 881 F.2d 37, 39 (3d Cir. 1989). Regardless of "the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (U.S. 2019). Substantial evidence has been defined as "more than a mere scintilla." Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). "It means – and means only – such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Biestek, 139 S. Ct. at 1154. The Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g); Dobrowolsky v. Califano,

606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. Palmer v. Apfel, 995 F. Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. See 5 U.S.C. § 706.

To be eligible for social security benefits, the plaintiff must demonstrate that she cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. § 1382(a)(3)(A); Brewster v. Heckler, 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. § 416.920. The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R. pt. 404, subpt. P, app. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent her from performing her past relevant work; and (5) if the claimant is incapable of performing her past relevant work, whether she can perform any other work which exists in the national economy, in light of her age, education, work experience and residual functional capacity. 20 C.F.R. § 416.920. The claimant carries the initial burden of demonstrating by medical evidence that she is unable to return to her previous employment (steps 1-4). Dobrowolsky, 606 F.2d at 406. Once the claimant

3

meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). Id.

A district court, after reviewing the entire record, may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. Podedworny v. Harris, 745 F.2d 210, 221 (3d Cir. 1984).

**B.   Whether the ALJ Erred in His RFC Determination**

At step two of the analysis, the ALJ found that Plaintiff had severe impairments, including Crohn's disease, irritable bowel syndrome, depression, and anxiety. [ECF No. 9-2, at 44-45]. The ALJ also found that Plaintiff had non-severe impairments, including arthritis, scoliosis, and nephritis. Id. At step three of the analysis, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1, including Listings 5.06, 12.04, and 12.06. Id. at 45-47. The ALJ further found that Plaintiff had the residual functional capacity ("RFC") to perform light work, except she could frequently climb ramps and stairs; could never climb ladders, ropes, or scaffolds; could occasionally balance, kneel, and crawl; could frequently crouch, stoop, and handle, finger, and feel with both upper extremities; must avoid more than occasional exposure to extreme coldness, heat and humidity; must avoid all workplace hazards such as unprotected heights or moving machinery; must work in close proximity to a restroom; was limited to simple, routine tasks and work-related decisions; could have frequent contact with supervisors, coworkers, and the public; could tolerate few changes to work process and setting; and must not be required to operate a cash register or handle money. Id. at 47-50.

Plaintiff summarily argues that the ALJ's RFC finding is deficient because she believes that her limitations would cause her to be off task for more than 10 percent of the work day and/or

4

that she would miss more than one day of work per month. [ECF No. 17, at 7-9]. In support of this contention, Plaintiff cites only the hearing testimony of herself and her mother. Id. Plaintiff's conclusory assertions are without merit.

As an initial matter, Plaintiff's mere belief that the ALJ should have decided the matter differently is not grounds for remand. See, e.g., Smith v. Comm'r of Soc. Sec., No. CV 18-1272, 2019 WL 3997285, at *1 (W.D. Pa. Aug. 23, 2019) (noting that "it is not enough that Plaintiff offers her own analysis as to how she believes the record supports [her position]"); Courtney D. on behalf of M.B. v. Comm'r of Soc. Sec. Admin., No. 1:18-CV-3347-LMM-CCB, 2019 WL 5406552, at *2 (N.D. Ga. Sept. 10, 2019) ("That Plaintiff disagrees with the ALJ's conclusion is not sufficient for the Court to find that the ALJ lacked substantial evidence to support her findings."). Moreover, even if Plaintiff could point to record evidence in support of her view, the standard is not whether there is evidence to establish Plaintiff's position. Allen v. Bowen, 881 F.2d 37, 39 (3d Cir. 1989). Rather, the proper inquiry is whether substantial evidence supports the ALJ's findings. Id. As courts within this circuit have explained:

> [The] question is not whether substantial evidence supports Plaintiff's claims, or whether there is evidence that is inconsistent with the ALJ's finding…. Substantial evidence could support both Plaintiff's claims and the ALJ's findings because substantial evidence is less than a preponderance. Jesurum v. Sec'y of U.S. Dep't of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995) (citing Richardson v. Perales, 402 U.S. 389, 401 (1971). If substantial evidence supports the ALJ's finding, it does not matter if substantial evidence also supports Plaintiff's claims. Reefer v. Barnhart, 326 F.3d 376, 379 (3d Cir. 2003).

Weidow v. Colvin, Civ. No. 15-765, 2016 WL 5871164 at *18 (M.D. Pa. Oct. 7, 2016). Here, the ALJ supported her RFC finding with substantial evidence of record, including objective medical findings, Plaintiff's reported activities of daily living, and the opinions of the state agency medical and psychological consultants. See ECF No. 9-2, at 47-50 (citing, e.g., Exs. 1A, 3E, 7F, 8F, 10F,

11F, 13F, 15F, 16F, and Hearing Testimony). Thus, Plaintiff's cursory arguments in this regard are misplaced.

To the extent Plaintiff suggests the ALJ erred in her evaluation of Plaintiff's subjective testimony and that of her mother regarding her alleged limitations, including being off task more than 10 percent of the workday and missing more than one day of work per month, such argument is unpersuasive. Here, the ALJ specifically stated that she considered "all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and SSR 16-3p." [ECF No. 9-2, at 47]. Moreover, the ALJ followed the proper method in assessing Plaintiff's symptoms. That is, she first determined whether there was an underlying medically determinable physical or mental impairment that could reasonably be expected to produce Plaintiff's pain or other symptoms, then the ALJ evaluated the intensity, persistence and limiting effects of those symptoms. Id. at 47-50. As set forth above, the ALJ expressly discussed the testimony of both Plaintiff and her mother in this regard as well as comprehensively detailed Plaintiff's medical history. She properly compared the medical evidence and other evidence of record, including activities of daily living, the intensity of pain, factors that precipitate and aggravate the symptoms, the effectiveness of medication, and treatment other than medication, and found them not to be entirely consistent. See id. Again, I conclude that the ALJ's findings in this regard are supported by substantial evidence of record. See id. and Exhibits cited therein.[2]

---

[2] Plaintiff makes a passing reference to the VE's testimony that an individual who would be off task for more than 10 percent of the workday or would miss more than one day of work per month would be precluded from competitive employment. See ECF No. 17, at 9 (citing ECF No. 9-2, at 116). It is well-established, however, that a hypothetical to the VE needs only to account for a claimant's credibly established limitations or impairments. See Rutherford v. Barnhart, 399 F.3d 546, 554 (3d Cir. 2005). Here, the substantial evidence cited above supports that the hypothetical questions the ALJ adopted accurately reflected Plaintiff's impairments. Thus, even if Plaintiff had adequately developed this argument, I would find no error in this regard.

Because the ALJ properly analyzed Plaintiff's claim, and her findings are supported by substantial evidence, the decision below is affirmed. 42 U.S.C. § 405(g).

### III.   **CONCLUSION**

For all of the foregoing reasons, Defendant's Motion for Summary Judgment is granted and Plaintiff's Motion for Summary Judgment is denied. An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SEANNA LEE RUMBARGER,                    )
                                         )
            Plaintiff,                   )
                                         )
      vs.                                )       Civil Action No. 2:20-1893
                                         )
KILOLO KIJAKAZI, Acting Commissioner of  )
Social Security[1],                      )
                                         )
            Defendant.                   )
                                         )

AMBROSE, Senior District Judge

## ORDER OF COURT

AND NOW, this 15th day of December, 2021, after careful consideration of the submissions of the parties and for the reasons set forth in the Opinion accompanying this Order, it is ordered that Defendant's Motion for Summary Judgment [ECF No. 20] is GRANTED, and Plaintiff's Motion for Summary Judgment [ECF No. 16] is DENIED. The decision of the Commissioner is hereby affirmed.


                              BY THE COURT:


                              /s/ Donetta W. Ambrose
                              Donetta W. Ambrose
                              U.S. Senior District Judge

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is therefore automatically substituted for Andrew M. Saul as the Defendant in this suit.